# EXHIBIT A

*This Promissory Note (this "Note") has not been registered under the Securities Act of 1933, as amended (the "Securities Act"), or the securities laws of any state. Neither this Note nor any interest therein may be sold, transferred, pledged or hypothecated except pursuant to an effective registration statement under the Securities Act and such registration or qualification as may be necessary under the securities laws of any jurisdiction or pursuant to a written opinion of counsel (which counsel and opinion shall be reasonably satisfactory to the Debtor) that such registration or qualification is not required.*

## SECURED PROMISSORY NOTE

**August 1, 2006**                                                                                                                                   **$1,000,000**

FINGER LAKES CAPITAL PARTNERS, LLC, a Delaware Limited Liability Company ("Issuer" or the "Debtor"), for value received, hereby promises to pay in accordance with the provisions hereof to Jeffrey Keswin (the "Holder") or its permitted assigns the principal amount of ONE MILLION ($1,000,000) on the dates specified herein, with interest as specified herein. Gregory Shalov and Zubin Mehta (together, the "Principals") hereby personally guarantee Issuer's performance under this Note, including, but not limited to, the repayment of all principal and the payment of all interest hereunder.

This Note is subject to the following additional provisions, terms and conditions:

### ARTICLE 1. DEFINITIONS.

1.1     Certain Definitions.

"Collateral" means any assets held by Issuer, its Principals, affiliates, and assigns, including, but not limited to, Issuer's $23,531.87 investment in Seneca Lake Acquisition LLC, its $50,000 investment in Keuka Lake Acquisition LLC, its $100,000 investment in Honeoye Acquisition LLC, and its right to receive a carried interest on any investments, whether made by Holder or any other party (the "Stock").

"Holder" has the meaning given to such term in the first paragraph of this Note.

"Maturity Date" means July 31, 2007.

"Maximum Rate" means the maximum nonusurious interest rate permitted under applicable law.

"Note" means this Secured Promissory Note made by the Debtor payable to the Holder, together with all amendments and supplements hereto, all substitutions and replacements herefor.

and all renewals, extensions, increases, restatements, modifications, rearrangements and waivers hereof from time to time.

### ARTICLE 2. BASIC TERMS.

2.1 <u>Principal</u>.

(a) <u>Scheduled Repayment</u>. The principal of this Note plus accrued interest shall be due and payable on the Maturity Date in an aggregate amount of One Million Two Hundred Thousand Dollars ($1,200,000) (the "<u>Final Payment Amount</u>").

(b) <u>Right to Prepay</u>. The Debtor shall have the right to prepay this Note in full or in part without penalty.

2.2 <u>Interest</u>.

(a) Interest will accrue on this Note from the date hereof (the "<u>Issue Date</u>") and will be payable in cash. The Debtor agrees to pay interest in respect of the unpaid principal amount of this Note at a rate per annum equal to the lesser of 20% and the Maximum Rate.

(b) Interest on the principal of this Note shall be due and payable (i) on the Maturity Date, (ii) upon the payment or prepayment, in full, of the principal of this Note, and (iii) after maturity (whether by acceleration or otherwise), on demand.

2.3 <u>Use of Proceeds</u>.

(a) The Principals represent and warrant that the proceeds of this Note will be used solely to satisfy existing debt obligations of Performance Trailers, Inc., unless otherwise agreed to in writing by Holder.

### ARTICLE 3. COLLATERAL

3.1 <u>Generally</u>. As security for the payment of the indebtedness evidenced under this Note ( the "<u>Obligation</u>"), Debtor hereby assigns and grants to Holder, to the extent permitted by applicable law, a continuing first priority lien on and security interest in, upon, and to the Collateral. For so long as any amount remains payable under this Note, Debtor will not sell, pledge or otherwise grant a security interest in the Stock. In the event of a sale, distribution, or liquidation of any or all of the Collateral, all proceeds will go directly to the Holder until this note has been repaid in full and all accrued interest has been paid.

3.2 <u>Lien Documents</u>. As Holder deems necessary in its sole discretion, Debtor shall execute and deliver to Holder, or have executed and delivered (all in form and substance satisfactory to Holder in its sole discretion): any other agreements, documents, instruments, and writings deemed necessary by Holder or as Holder may otherwise request from time to time in its

2

reasonable discretion to evidence, perfect, or protect Holder's lien and security interest in the Collateral required hereunder.

3.3 *Power of Attorney.* Upon the failure of Debtor to pay the Final Payment Amount on the Maturity Date, Holder is hereby irrevocably made, constituted and appointed the true and lawful attorney for Debtor (without requiring any of them to act as such) with full power of substitution to do the following: (i) execute in the name of Debtor any financing statements, schedules, assignments, instruments, documents, and statements that Debtor is obligated to give Holder hereunder; and (ii) do such other and further acts and deeds in the name of Debtor that may be reasonably necessary or desirable to enforce any Collateral or perfect Holder's security interest or lien in any Collateral, including, without limitation, causing the Stock to be transferred to an account of Holder.

## ARTICLE 4. MISCELLANEOUS.

4.1 *Amendment.* This Note may be amended, modified, superseded or canceled, and any of the terms, covenants, representations, warranties or conditions hereof and thereof may be waived only by a written instrument executed by the Debtor and the Holder.

4.2 *Successors and Assigns.*

(a) The rights and obligations of the Debtor and the Holder under this Note shall be binding upon, and inure to the benefit of, and be enforceable by, the Debtor and the Holder, and their respective permitted successors and assigns.

(b) The registered owner of this Note may be treated as the owner of this Note for all purposes.

4.3 **GOVERNING LAW. THIS NOTE AND THE VALIDITY AND ENFORCEABILITY HEREOF SHALL BE GOVERNED BY AND CONSTRUED AND INTERPRETED IN ACCORDANCE WITH THE LAWS OF THE STATE OF NEW YORK WITHOUT GIVING EFFECT TO CONFLICT OF LAWS RULES OR CHOICE OF LAWS RULES THEREOF EXCEPT SECTION 5-1401 OF THE NEW YORK GENERAL OBLIGATIONS LAW.**

4.4 *Waivers.* Except as may be otherwise provided herein, the makers, signers, sureties, guarantors and endorsers of this Note severally waive demand, presentment, notice of dishonor, notice of intent to demand or accelerate payment hereof, notice of acceleration, diligence in collecting, grace, notice, and protest, and agree to one or more extensions for any period or periods of time and partial payments, before or after maturity, without prejudice to the Holder.

4.5 *No Waiver by Holder.* No failure or delay on the part of the Holder in exercising any right, power or privilege hereunder and no course of dealing between the Debtor and the Holder shall operate as a waiver thereof; nor shall any single or partial exercise of any right, remedy, power or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, remedy, power or privilege.

3

4.6 <u>Limitation on Interest</u>. Notwithstanding any other provision of this Note, interest on the indebtedness evidenced by this Note is expressly limited so that in no contingency or event whatsoever, whether by acceleration of the maturity of this Note or otherwise, shall the interest contracted for, charged or received by the Holder exceed the maximum amount permissible under applicable law. If from any circumstances whatsoever fulfillment of any provisions of this Note or of any other document evidencing, securing or pertaining to the indebtedness evidenced hereby, at the time performance of such provision shall be due, shall involve transcending the limit of validity prescribed by law, then, ipso facto, the obligation to be fulfilled shall be reduced to the limit of such validity, and if from any such circumstances the Holder shall ever receive anything of value as interest or deemed interest by applicable law under this Note or any other document evidencing, securing or pertaining to the indebtedness evidenced hereby or otherwise an amount that would exceed the highest lawful rate, such amount that would be excessive interest shall be applied to the reduction of the principal amount owing under this Note or on account of any other indebtedness of the Debtor to the Holder, and not to the payment of interest, or if such excessive interest exceeds the unpaid balance of principal of this Note and such other indebtedness, such excess shall be refunded to the Debtor. In determining whether or not the interest paid or payable with respect to any indebtedness of the Debtor to the Holder, under any specific contingency, exceeds the highest lawful rate, the Debtor and the Holder shall, to the maximum extent permitted by applicable law, (a) characterize any non-principal payment as an expense, fee or premium rather than as interest, (b) exclude voluntary prepayments and the effects thereof, (c) amortize, prorate, allocate and spread the total amount of interest throughout the term of such indebtedness so that the actual rate of interest on account of such indebtedness does not exceed the maximum amount permitted by applicable law, and/or (d) allocate interest between portions of such indebtedness, to the end that no such portion shall bear interest at a rate greater than that permitted by applicable law. The terms and provisions of this paragraph shall control and supersede every other conflicting provision of this Note and all other agreements between the Debtor and the Holder.

EXECUTED as of the date first written above.

_____
Finger Lakes Capital Partners, LLC
By: Greg Shalov
 Managing Partner

_____
Greg Shalov

_____
Zubin Mehta

4

0:13026.0005 DALLAS 196902-v1

**citigroup**
private bank

SORT 2505
NEW YORK, N.Y. 10043

JEFFREY KESWIN
C/O LYRICAL PARTNERS
152 WEST 57TH ST, 33RD FL
NEW YORK NY                           10019
10019

## WIRE TRANSFER DEBIT ADVICE

VALUE DATE: AUGUST 1, 2006
TRANSACTION AMOUNT US$:    400,000.00     FED REFERENCE #: 20060801B1Q8023C007597
DEBIT ACCOUNT #:  41430082                 RECEIVING BANK #: 026009593
DEBIT NAME:                                RECEIVING BANK NAME:
JEFFREY KESWIN                             BANK OF AMERICA N.A.

BENEFICIARY INFO:                          THIRD PARTY:
004633916013                               NATIONS BANK
FINGER LAKES CAPITAL                       063100277
PARTNERS LLC

DETAILS OF PAYMENT:
REF: JEFFREY KESWIN

BBI:

FOR INQUIRIES RELATED TO THIS PAYMENT, CALL YOUR SERVICE OFFICER.

BTK#: 947031071804        GLOBAL ID#: G0062133750301

# EXHIBIT B

**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
2124904100

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

STORCH AMINI & MUNVES PC
140 EAST 45TH STREET
25TH FLOOR
NEW YORK NY 10017

DELAWARE DEPARTMENT OF STATE
U.C.C. FILING SECTION
FILED 06:26 PM 06/17/2015
INITIAL FILING # 2015 2605714
SRV: 150936833

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

1a. ORGANIZATION'S NAME: FINGER LAKES CAPITAL PARTNERS, LLC

1c. MAILING ADDRESS: 168A IRVING AVENUE
CITY: PORT CHESTER
STATE: NY
POSTAL CODE: 10573
COUNTRY: US

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

3b. INDIVIDUAL'S LAST NAME: KESWIN
FIRST NAME: JEFFREY

3c. MAILING ADDRESS: 500 WEST END AVENUE #6A
CITY: NEW YORK
STATE: NY
POSTAL CODE: 10024
COUNTRY: US

4. This FINANCING STATEMENT covers the following collateral:

Any assets held by Finger Lakes Capital Partners, LLC, its Principals, affiliates, and assigns, including, but not limited to, Finger Lakes Capital Partners, LLC's $23,531.87 investment in Seneca Lake Acquisition LLC, its $50,000 investment in Keuka Lake Acquisition LLC, its $100,000 investment in Honeoye Acquisition, LLC, and its right to receive a carried interest on any investments, whether made by Jeffrey Keswin.

# EXHIBIT C

 **Finger Lakes Capital Partners**

400 W. 22ND STREET, SUITE 2R  •NEW YORK, NY 10011  •(212) 502-1102  •FAX: (201) 221-8224  •WWW.FLCPARTNERS.COM

July 10, 2014

Barry Shalov
Joan Shalov
9 Hobart Lane
Westhampton Beach
New York 11978

Dear Barry Shalov and Joan Shalov

    Barry Shalov ("Barry") and Joan Shalov ("Joan") have two separate $1,000,000 home equity lines of credit with Citibank (the first of such credit lines is sometimes referred to herein as the "First Line", the other of such credit lines is sometimes referred to herein as the "Second Line" and the First Line and the Second Line are sometimes referred to herein, collectively, as the "Lines"). Barry and Joan have assigned the Lines to Finger Lakes Capital Partners LLC ("FLCP") and FLCP has accepted such assignment, as follows:

    FLCP has withdrawn for its own use $927,251.51 from the First Line and $989,704.57 from the Second Line for a total amount withdrawn by FLCP under the Lines of $1,916,956.08. FLCP shall repay the outstanding principal of each of such withdrawals when due, or part or all of that principal at any time or from time before then if FLCP determines to do that or any one or both of Barry and Joan demand FLCP to do that. FLCP will pay all interest accruing on the principal balance outstanding under the Lines as and when such interest becomes due and payable. FLCP shall pay all fees, costs and expenses incurred by either one or both of Barry and Joan in enforcing this Letter agreement.

This Letter Agreement modifies, amends and entirely restates all previous agreements relating to the subject matter hereof.

Very Truly Yours,

Finger Lakes Capital PartnersLLC

By: _____
GREGORY SHALOV, managing member

By: _____
ZUBIN MEHTA, managing member

AGREED TO: _____    _____
BARRY SHALOV              JOAN SHALOV

−2−                                                                July 10, 2014

The undersigned, jointly and severally, guarantee, as principal and not as surety, the payment and performance, when due, of all obligations of FLCP under the foregoing Letter Agreement.

_____
GREGORY SHALOV, in his personal capacity

_____
ZUBIN MEHTA, in his personal capacity

# EXHIBIT D

## SECURED PROMISSORY NOTE

Dated; As of May 22, 2015

    FOR VALUE RECEIVED, Finger Lakes Capital Partners LLC, a Delaware Limited Liability Company (the "Payor"), promises to pay to the order of Barry Shalov and Joan Shalov, as joint tenants with the right of survivorship (the "Payee"), on demand, in lawful money of the United States of America, in immediately available funds and at the appropriate office of the Payee, the principal amount of ONE MILLION DOLLARS ($1,000,000), or so much thereof as Payee may have loaned to Payor from time to time which remains outstanding hereunder, it being agreed and acknowledged that as of the date hereof, Payee has loaned to Payor an aggregate amount of THREE HUNDRED FIFTY TOUSAND DOLLARS ($350,000) which is outstanding hereunder. The Payee is authorized to record the borrowing date and amount of each loan made to the Payor hereunder, the date and amount of each payment of principal hereof, on Schedule A hereto and any such recordation shall constitute *prima facie* evidence of the accuracy of the information so recorded; provided that the failure of the Payee to make any such recordation (or any error in such recordation) shall not affect the obligations of the Payor hereunder.

    The unpaid principal amount hereof from time to time outstanding shall bear interest in arrears at a fixed rate equal to twenty percent (20%) *per annum*, which amount shall be compounded and be deemed added to the principal amount of this Note annually on each anniversary hereof to the extent not previously paid in cash. Upon demand for payment of any principal amount hereof, accrued but unpaid interest on such principal amount shall also be due and payable. Interest shall be paid in lawful money of the United States of America and in immediately available funds. Interest shall be computed for the actual number of days elapsed on the basis of a year consisting of 365 or 366 days, as the case may be.

    The rate of interest payable hereunder shall in no event exceed the maximum rate permissible under applicable law. If the rate of interest payable hereunder is ever reduced as a result of this paragraph and at any time thereafter the maximum rate permitted by applicable law shall exceed the rate of interest provided for in this Note, then the rate provided for in this Note shall be increased to the maximum rate provided by applicable law for such period as is required so that the total amount of interest received by the Payee is that which would have been received by the Payee but for the operation of the first sentence of this paragraph.

    The Payor may prepay this Note at any time, in whole or in part, and without penalty, but together with interest accrued on the amount prepaid.

    No failure or delay on the part of the Payee in the exercise of any power, right or remedy under this Note shall impair such power, fight or remedy or shall operate as a waiver thereof, nor shall any single or partial exercise of any such power, right or remedy preclude other or further exercise of such or any other power, fight or remedy. No amendment of any provision of this Note (including a waiver thereof or consent relating thereto) shall be effective unless the same shall be in writing and signed or consented to by the Payee.

The obligations of the Payor in respect of this Note are secured pursuant to, and this Note is entitled to the benefits of, the Security Agreement, dated as of the date hereof, between the Payee and the Payor (the "Security Agreement"). Upon the occurrence and continuation of one or more of the Events of Default as defined in the Security Agreement, all amounts then remaining unpaid on this Note shall become, or may be declared to be, immediately due and payable, all as provided in the Security Agreement.

The obligations of Payor in respect of this Note are guaranteed pursuant to, and this Note is entitled to the benefit of, the Joint and Several Continuing Guaranty, dated as of the date hereof, by Gregory Shalov and Zubin Mehta in favor of the Payee (the "Guaranty").

This Note, together with the Security Agreement and the Guaranty is intended by the Payor as a final expression of its agreement regarding the subject matter hereof and contains a complete and exclusive statement of the terms and conditions of such agreement.

This Note shall be binding upon and inure to the benefit of the parties hereto and their respective successors and permitted assigns. The Payor may not assign or transfer any interest hereunder without the prior written consent of the Payee.

The Payor hereby waives presentment, demand, protest and notice of any kind. No failure to exercise, and no delay in exercising, any rights hereunder on the part of the holder hereof shall operate as a waiver of such rights.

**THIS NOTE SHALL BE CONSTRUED IN ACCORDANCE WITH, AND THIS NOTE AND ALL CLAIMS AND CAUSES OF ACTION ARISING OUT OF THE TRANSACTIONS CONTEMPLATED HEREBY SHALL BE GOVERNED BY, THE LAWS OF THE STATE OF NEW YORK (OTHER THAN CHOICE OF LAW RULES THAT WOULD REQUIRE THE APPLICATION OF THE LAWS OF ANY OTHER JURISDICTION). THE PAYOR AND THE PAYEE (BY ACCEPTANCE HEREOF) WAIVE THE RIGHT TO A TRIAL BY JURY IN ANY ACTION UNDER THIS NOTE OR ANY ACTION ARISING OUT OF THE TRANSACTIONS CONTEMPLATED HEREBY, REGARDLESS OF WHICH PARTY INITIATES SUCH ACTION.**

*[Signature page follows]*

IN WITNESS WHEREOF, the Payor has caused this Note to be executed and delivered by its proper and duly authorized officer as of the date set forth above.

FINGER LAKES CAPITAL PARTNERS, LLC

By: _____
Name: Gregory Shalov
Title: Managing Member

By: _____
Name: Zubin Mehta

Title: Managing Member

Schedule A

## LOANS AND PAYMENTS
## UNDER
## PROMISSORY NOTE

| Date | Amount of Advance This Date | Amount of Principal Paid This Date | Outstanding Principal Balance from Payor to Payee This Date | Notation Made By |
|---|---|---|---|---|
| 5/22/15 | 700,000 | | | |
| 7/21/15 | 235,000 | | | |
| 9/14/15 | 200,000 | | | |
| 10/14/15 | 46,150 | | | |
| 10/14/15 | 55,000 | | | |