# EXHIBIT I

**UCC FINANCING STATEMENT**

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

| A. NAME & PHONE OF CONTACT AT FILER [optional] | |
|---|---|
| | 9176960571 |

| B. SEND ACKNOWLEDGMENT TO:  (Name and Address) |
|---|
| SEALOV D BARRY |
| 880 FIFTH AVE |
| NEW YORK NY 10021 |

*DELAWARE DEPARTMENT OF STATE*
*U.C.C. FILING SECTION*
*FILED 08:27 AM 08/14/2015*
*INITIAL FILING # 2015 3534228*

*SRV: 151171838*

1. DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (1a or 1b) - do not abbreviate or combine names

| 1a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| FINGER LAKES CAPITAL PARTNERS LLC | | | | |

| OR 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 168A IRVING AVENUE SUITE 402 | PORT CHESTER | NY | 10573 | US |

| | 1d. TYPE OF ORGANIZATION | 1f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | LTD LIABILITY COMPANY | DE |

2. ADDITIONAL DEBTOR'S EXACT FULL LEGAL NAME - insert only one debtor name (2a or 2b) - do not abbreviate or combine names

| 2a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

| | 2e. TYPE OF ORGANIZATION | 2f. JURISDICTION OF ORGANIZATION |
|---|---|---|
| | | |

3. SECURED PARTY'S NAME (or NAME of TOTAL ASSIGNEE of ASSIGNOR S/P) - insert only one secured party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | | |
|---|---|---|---|---|
| | | | | |

| OR 3b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | | SUFFIX |
|---|---|---|---|---|
| JAGAT | MEETA | S | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 12 CHESEA PARK | PITTSFIELD | NY | 14534 | US |

4. This FINANCING STATEMENT covers the following collateral:

All Assets

| 6. ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.    Attach Addendum    [if applicable] | 7. Check to REQUEST SEARCH REPORT(S) on Debtor(s) [ADDITIONAL FEE]    [optional] | ☐ All Debtors | ☐ Debtor 1 | ☐ Debtor 2 |
|---|---|---|---|---|

8. OPTIONAL FILER REFERENCE DATA

# UCC FINANCING STATEMENT AMENDMENT    Pg 3 of 14

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

| A. NAME & PHONE OF CONTACT AT FILER [optional] | |
|---|---|
| | 9176960571 |

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

SHALOV D BARRY

880 FIFTH AVE

NEW YORK NY 10021

DELAWARE DEPARTMENT OF STATE
U.C.C. FILING SECTION
FILED 08:45 AM 08/14/2015
INITIAL FILING # 2015 3534228
AMENDMENT      # 2015 3534335
SRV: 151171903

---

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 2015 3534228 | |

**2.** ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☐ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

**5.** AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor or ☒ Secured Party of record. Check only one of these two boxes.

Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.

| ☒ CHANGE name and/or address: Give current record name in item 6a or 6b; also give new name (if name change) in item 7a or 7b and/or new address (if address change) in item 7c. | ☐ DELETE name: Give record name to be deleted in item 6a or 6b. | ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7d-7g (if applicable). |
|---|---|---|

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| JAGAT | MEHTA | S | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| MEHTA | JAGAT | S | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 12 CHELSEA PARK | PITTSFIELD | NY | 14534 | US |

| 7e. TYPE OF ORGANIZATION | 7f. JURISDICTION OF ORGANIZATION |
|---|---|
| | |

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.

Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

---

**9. NAME of SECURED PARTY of RECORD AUTHORIZING THIS AMENDMENT**

Jagat Mehta

10. OPTIONAL FILER REFERENCE DATA

# EXHIBIT J

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

In re:                                              Chapter 11
                                                    Case No. 16-_____ (RDD)

FINGER LAKES CAPITAL PARTNERS, LLC,

                        Debtor.
-------------------------------------------------------------X

## INTERIM ORDER AUTHORIZING USE OF CASH
## COLLATERAL BY DEBTOR PURSUANT TO 11 U.S.C. SECTION 363

**UPON** the application ("Application") of Finger Lakes Capital Partners, LLC, the above-

captioned debtor and debtor-in-possession (the "Debtor") which seeks authority to, inter alia, use

cash collateral in which Jeffrey Keswin ("Keswin"),   Barry Shalov and Joan Shalov (the

"Shalovs"), and Dr. Jagat S. Mehta, MD, ("Dr. Mehta"), have asserted perfected security

interests pursuant to 11 U.S.C. Sections 363(c)(2) and 361 and Federal Rules of Bankruptcy

Procedure 4001; and a hearing having been held on February _____, 2016 (the "Interim Hearing"),

and all objections to the Application having been withdrawn, overruled or resolved, and upon the

record taken at the Interim Hearing, and all of the pleadings heretofore filed in this proceeding, it

is hereby found and determined as follows:

A.   On or about January 29, 2016 (the "Petition Date") the Debtor filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code (the "Code"), and has continued in

possession of its property and the management of its business pursuant to 11 U.S.C. §§1107 and

1108.

B.   As of the date hereof, the Office of the United States Trustee has not appointed an

Official Creditors' Committee as provided for in Section 1102 of the Code. No trustee or

1

examiner has been heretofore appointed in this proceeding.

C.    The Debtor is an asset management firm.

D.    The Debtor stipulates that (i) on or about July 10, 2014, the Debtor entered into a Letter Agreement (the "Shalov Loan Agreement") with the Shalovs, memorializing two loans from the Shalovs to the Debtor, the first loan in the principal amount of $927,251.51, and the a second loan in the principal amount of $989,704.57, for a total amount due in the amount of $1,916,956.08; (ii) on or about May 22, 2015, the Debtor entered into Secured Promissory Note with the Shalovs (the "Shalov Secured Note") pursuant to which substantially contemporaneous and subsequent advances were made, on or about May 22, 2015 in the amount of $200,000; on or about July 21, 2015 in the amount of $235,000; on or about September 14, 2015 in the amount of $200,000; on or about October 14, 2015 in the amount of $66,500; and on or about October 14, 2015 in the amount of $55,000, for a total outstanding principal advanced in the amount of $756,500; and (iii) on or about May 22, 2015, the Debtor entered into a Security Agreement (the "Shalov Security Agreement") which secured the Debtor's obligations under the Shalov Note and the Shalov Loan Agreement by granting the Shalovs a lien on certain of the Debtor's property (the "Shalov Collateral").

E.    The Debtor stipulates that the grant of security by the Debtor to the Shalovs pursuant to the Shalov Security Agreement was perfected by the filing of a series of UCC-1 financing statements filed with the Delaware Secretary of State which have been continued and have not lapsed.

F.    As of the Petition Date, the Debtor stipulates that it is indebted to the Shalovs in the approximate amount of $2,673,456.08.

G. The Debtor stipulates that (i) on or about July 10, 2014, the Debtor entered into a Letter Agreement (the "Dr. Mehta Loan Agreement") with Dr. Jagat S. Mehta, memorializing four loans from Dr. Mehta to the Debtor, the first loan in the principal amount of $300,000.00 as of September 28, 2006, the second in the principal amount of $99,898.05 as of December 31, 2006, the third in the principal amount of $125,000.00 as of October 26, 2007, and the fourth loan in the amount of $25,000.00 as of December 3, 2007, for a total amount due in the amount of $549,898.05; and (iii) on or about May 22, 2015, the Debtor entered into a Security Agreement (the "Dr. Mehta Security Agreement") which secured the Debtor's obligations under the the Dr. Mehta Loan Agreement by granting Dr. Mehta a lien on certain of the Debtor's property (the "Dr. Mehta Collateral").

H. Debtor stipulates that the grant of security by the Debtor to Dr. Mehta pursuant to the Dr. Mehta Security Agreement was perfected by the filing of a UCC-1 financing statements filed with the Delaware Secretary of State which has continued and has not lapsed.

I. The Debtor acknowledges that on June 17, 2015, Keswin filed a UCC-1 Financing Statement (the "Disputed UCC-1 Financing Statement) with the Delaware Secretary of State. However, the Debtor disputes that the Debtor granted Keswin a security interest in any of the Debtor's assets and disputes that such filing created any rights in Keswin with respect to the Debtor's assets.  The Debtor is currently in active litigation with Keswin with respect to his alleged secured claim against the Debtor, and as such the Debtor reserves all claims and defenses with respect to the Disputed UCC-1 Financing Statement.

J.   The use of the Debtor's personal property which constitutes the Shalov's collateral and Dr. Mehta's collateral (the "Cash Collateral") is essential to the continued operation of Debtor's business, and the preservation of Debtor's estate.

K.   Continued use of the Cash Collateral on an interim basis pending a final hearing is necessary to prevent immediate and irreparable harm to the Debtor's estate in that without authorization to use the Cash Collateral, the Debtor's ability to sustain its operations and meet its current necessary and integral business obligations will be impossible.

L.   The value of Debtor's estate will be maximized by the continuation of Debtor as a going business, and the use of the Cash Collateral is essential to such operation.

**BASED UPON THE FOREGOING**, it is hereby ORDERED as follows:

1.   Preliminarily, pending a final hearing on the Application on _____, 2016 at ____:00 a.m./p.m. (the "Final Hearing"), the Motion is GRANTED on an interim basis. Effective *nunc pro tunc* as of January 29, 2016 and continuing through and including the Final Hearing date (the "Interim Period"), the Debtor is authorized to use the Cash Collateral on an interim basis subject to the terms of this Order and in accordance with the budget annexed to the Application as **Exhibit K**, subject to a 10% variance or upon further consent of the Shalovs and Dr. Mehta or further order of this Court. At the Final Hearing, the Court will consider the Debtor's request to use Collateral after the Interim Period.

2.   This Court has jurisdiction over these proceedings and the parties and property affected hereby pursuant to 28 U.S.C. §1334 and this is a "core" proceeding pursuant to 28 U.S.C. §157. Venue is proper in this Court pursuant to 28 U.S.C. §1408. Notice of relief sought herein was adequate and appropriate in the current circumstances of this Chapter 11 case as

4

contemplated by 11 U.S.C. §102(1)(A) and Fed. R. Bankr. P. 4001(b)(2).

3.      In addition to the existing rights and interests of the Shalovs, Dr. Mehta and

Keswin (disputed) in the Collateral and for the purpose of adequately protecting them from

Collateral Diminution,[1] the Shalovs, Dr. Mehta and Keswin are hereby granted replacement liens

("Replacement Liens"), to the extent that said liens were valid, perfected and enforceable as of

the Petition Date in the continuing order of priority of its pre-petition liens without determination

herein as to the nature, extent and validity of said pre-petition liens and claims and to the extent

Collateral Diminution occurs during the Chapter 11 case, subject to: (i) the claims of Chapter 11

professionals duly retained in the Chapter 11 case and to the extent awarded pursuant to Sections

330 or 331 of the Code; (ii) United States Trustee fees pursuant to 28 U.S.C. Section 1930 and

31 U.S.C. Section 3717 and any Clerk's filing fees; (iii) fees and expenses incurred in connection

with any investigation of the nature, extent and  validity of Keswin, Shalov and Mehta security

interests in an amount not to exceed $10,000; and (iv) the fees and commissions of a hypothetical

Chapter 7 trustee in an amount not to exceed $10,000. In addition, the Replacement Liens

granted hereby shall not attach to the proceeds of any recoveries of estate causes of action under

Sections 542 through 553 of the Code..

4.      The Debtor, the Shalovs and Dr. Mehta agree that, except as otherwise provided

herein, all of the terms and provisions of the Shalov Loan Documents and Mehta Loan

Documents are deemed to be valid, binding and enforceable against the Debtor as if same had

been re-executed by the Debtor and the Shalovs and Dr. Mehta, subject to further Order of the

---

[1]       For purposes of this Order, "Collateral Diminution" shall mean any diminution in value of the Shalov's and
Dr. Mehta's interests in Debtor's property as of the Petition Date by reason of Debtor's use of Cash
Collateral in accordance with this Order.

Court.

5.      The security interests and liens herein granted and regranted: (i) are and shall be in addition to all security interests, liens and rights of set-off existing in favor of the Shalovs and Dr. Mehta on the Petition Date; (ii) shall secure the payment of indebtedness to the Shalovs and Dr. Mehta in an amount equal to the aggregate Collateral used or consumed by the Debtor; and (iii) shall be deemed to be perfected without the necessity of any further action by the Shalovs or Dr. Mehta or the Debtor.  Without limitation, therefore, the Shalovs and Dr. Mehta shall not be required to file financing statements or other documents in any jurisdiction or take any other action to validate or perfect the liens and security interests granted by this Order.

6.      The Shalovs and Dr. Mehta reserve their right to hereafter request additional adequate protection and to object to the adequacy of the adequate protection granted herein.

7.      The Debtor shall maintain all necessary insurance as may be required, and obtain such additional insurance in an amount as is appropriate for the businesses in which the Debtor is engaged.

8.      Notwithstanding anything to the contrary in this Order, the Debtor's authority to use the Collateral pursuant to this Order shall terminate immediately and automatically, (a) upon the fifth (5th) business day following the delivery of written notice to the Debtor, its bankruptcy counsel, counsel to any official committee of unsecured creditors or, if no committee has been appointed, then to the Debtor's 20 largest unsecured creditors, and the Office of the United States Trustee, by the Shalovs or Dr. Mehta of any breach or default by the Debtor of the terms and provision of this Order, unless the Debtor shall have cured such breach or default within such five (5) business day period, or (b) without notice of any kind upon the entry of an order of the

6

Court providing for the dismissal or conversion of the Chapter 11 case to a Chapter 7 case or appointment of a trustee without the written consent of the Shalovs and Dr. Mehta.

9.      The provisions of this Order shall remain in full force and effect unless modified or vacated by subsequent order of this Court with the consent of the Shalovs and Dr. Mehta and the Debtor.

10.      The findings contained in this Order are binding upon the Debtor and all parties in interest (including but not limited to any statutory committee appointed in the chapter 11 case), and any application of Collateral under this Order shall be indefeasible, unless (a) an adversary proceeding or contested matter challenging the validity, enforceability or priority of the Collateral, the prepetition obligations to the Shalovs and Dr. Mehta (the "Prepetition Obligations"), the Replacement Liens, or the liens securing the Prepetition Obligations (the "Prepetition Liens") is properly commenced no later than ninety (90) days from the entry of a final order, and (b) a final order is entered in favor of the plaintiff or movant in any such timely and properly filed adversary proceeding or contested matter. If no such adversary proceeding or contested matter is properly commenced as of such date, the Collateral and the Prepetition Obligations shall constitute allowed claims for all purposes in the chapter 11 case and any subsequent Chapter 7 case, the Replacement Liens and the Prepetition Liens shall be deemed legal, valid, binding, perfected, and the Collateral, the Prepetition Obligations, the Replacement Liens, and the Prepetition Liens shall not be subject to avoidance or any other similar challenge by any party in interest seeking to exercise the rights of the Debtor's estate, including, without limitation, and successor(s) thereto. If any such proceeding or contested matter is properly commenced, the Bankruptcy Court shall determine the validity, enforceability, and priority of the

7

Collateral, the Prepetition Obligations, the Replacement Liens and the Prepetition Liens, but only with respect to and to the extent of the objections raised in such adversary proceeding or contested matter, and all other matters and objections not raised in such adversary proceeding or contested matter shall be deemed forever waived.

11.     This Order shall be binding upon any subsequently appointed or elected trustee in a successor case under Chapter 7 of the Code.

12.     The Bankruptcy Court shall retain jurisdiction with respect to all matters pertaining to this Order.

13.     Objections to the final relief requested in the Application shall be made in writing, filed with the Bankruptcy Court at the Court's website www.nysb.uscourts.gov (log in and password required), with a copy delivered directly to the chambers the Honorable Martin Glenn, and served upon DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, One N. Lexington Avenue, White Plains, NY 10616, attn: Jonathan S. Pasternak, Esq., so as to be received no later than February _____, 2016 at 4:00 p.m.


Dated: White Plains, New York
        February __, 2016

                                        _____
                                        HONORABLE ROBER D. DRAIN
                                        UNITED STATES BANKRUPTCY JUDGE

# EXHIBIT K

**EXHIBIT K – 6 week budget**

|  | Week 1 | Week 2 | Week 3 | Week 4 | Week 5 | Week 6 |
|---|---|---|---|---|---|---|
| Revenue | - | - | - | - | - | - |
| Expenses |  |  |  |  |  |  |
| Car 1 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 | $1,000 |
| Car 2 | $590 | $590 | $590 | $590 | $590 | $590 |
| Car 3 | $590 | $590 | $590 | $590 | $590 | $590 |
| Car 4 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 | $1,300 |
| Cell Phones | $500 | $500 | $500 | $500 | $500 | $500 |
| Phones | $20 | $20 | $20 | $20 | $20 | $20 |
| Email | $75 | $75 | $75 | $75 | $75 | $75 |
| Quicktracks delivery | $50 | $50 | $50 | $50 | $50 | $50 |
| Total Expenses | $4,125 | $4,125 | $4,125 | $4,125 | $4,125 | $4,125 |
| Net Profit/Loss | ($4,125) | ($4,125) | ($4,125) | ($4,125) | ($4,125) | ($4,125) |