DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

                                           Chapter 11

FINGER LAKES CAPITAL PARTNERS, LLC      Case No. 16-11221 (RDD)

                Debtor.
---------------------------------------------------------X

**APPLICATION FOR ORDER PURSUANT TO SECTIONS 327(e)
AND 328(a) OF THE BANKRUPTCY CODE AUTHORIZING
THE EMPLOYMENT OF ASHBY & GEDDES, PA
<u>AS SPECIAL LOCAL DELAWARE COUNSEL</u>**

**TO:     THE HONORABLE ROBERT D. DRAIN,
        UNITED STATES BANKRUPTCY JUDGE:**

       The above-captioned Debtor and Debtor-in-Possession (the "<u>Debtor</u>"), files this

application ("<u>Application</u>") seeking entry of an order authorizing the employment of Ashby &

Geddes, P.A. ("<u>A&G</u>") as special Delaware counsel.  In support of its Application, the Debtor

respectfully sets forth and alleges as follows:

<u>**Jurisdiction**</u>

      1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157 and

1334.  This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue is proper

pursuant to 28 U.S.C. §§1408 and 1409.

      2.     The statutory basis for relief requested herein is §§327(a) and 328(a) of title 11 of

the United States Code, 11 U.S.C. §§101, et seq., as amended by the Bankruptcy Abuse Prevention

and Consumer Protection Act of 2005 (the "Bankruptcy Code"), and Rules 2014(a) and 6003 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

### Background

3.      On January 29, 2016, (the "Petition Date"), the Debtor filed a voluntary petition

for relief under Chapter 11 of the Bankruptcy Code. The Debtor has continued in possession of

its property and the management of its business affairs as debtor-in-possession pursuant to

§§1107(a) and 1108 of the Bankruptcy Code.  No trustee, examiner or statutory committee has

been appointed.

4.      The Debtor is an asset management firm.

### Relief Requested

5.      The Debtor seeks to retain A&G as special Delaware counsel, subject to the

approval of this Court, in accordance with §§ 327(e) and 328(a) of the Bankruptcy Code, to

represent the Debtor.

6.      Between 2004 and 2008 the Debtor partnered with Lyrical Opportunity Partners,

L.P. ("Lyrical") to invest in five portfolio companies.  The Debtor managed the portfolio

companies, each through a special purpose vehicle owned by the Debtor and Lyrical. The Debtor

received commensurate management fees and received "carried interest", which in our industry

is a term of art for an equity interest that the manager of an investment receives as additional

compensation for locating and managing the investment.

7.      In March 2014, one of the portfolio companies was sold resulting in over $31

million net available for distribution to the Debtor and Lyrical.  The Debtor asserted that under

the express terms of the controlling operating agreement (the "Operating Agreement") between

the Debtor and Lyrical, it was entitled to at least $6 million dollars of the available funds.

However, Lyrical refused to turn over the funds.

8.      By June 2014, the Debtor, by its counsel K&C and A&G, sued Lyrical seeking distribution of the proceeds of the sale.   The action was brought in the Delaware Court of Chancery in an action entitled *Finger Lakes Capital Partners, LLC v. Honeoye Lake Acquisition LLC and Lyrical Opportunity Partners, L.P.*, C.A. No. 9742-VCL (the "Delaware Action").

9.      The Delaware Court reached a determination that the Debtor strongly believes is incorrect.  In summary, the Delaware Court improperly found that proceeds from the sale of the portfolio company at issue could be "clawed back" and applied to losses on other, separate portfolio company deals.  The Delaware Court awarded net damages to Lyrical in the amount of $1,002,903.77 and determined the claw back wiped out the Debtor's $6,000,000+ entitlement under the Operating Agreement.

10.     On January 28, 2016, A&G filed on behalf of the Debtor a Notice of Appeal (the "Delaware Appeal") from the Delaware Court's (i) memorandum opinion dated October 26, 2015 (the "Memorandum Opinion"); (ii) order granting in part and denying in part the parties' cross-motions for reargument dated November 28, 2015 (the "Reargument Order"); and (iii) a final order and judgment dated January 22, 2016 (the "Final Order and Judgment").

11.     The Debtor believes that the retention of A&G to represent the Debtor as Delaware counsel in the Delaware Appeal would greatly benefit the Debtor.  In Delaware, litigants are required to have local counsel.  The Debtor strenuously disagrees with the Delaware court's decision.  In the event the Debtor is successful with its appeal and any resulting continued litigation before the Delaware Court, the result will greatly benefit the estate by vacating an obligation to Lyrical of over $1,000,000 and entitling the Debtor to over $6,000,000 fees the Debtor believes are due to it under the express language of the Operating Agreement.

12.    A&G has extensive experience in acting as counsel in commercial litigation and appeals, such as the matter at issue.  A&G also has extensive knowledge of the underlying matter, having represented the Debtor as local counsel throughout the litigation and trial.  As such, A&G has the necessary experience and skill to effectively represent the interests of the Debtor as local counsel in connection with the Delaware Appeal.

13.    The Debtor believes that A&G is well qualified to assist as special local Delaware counsel. Subject to the approval of this Court, the professional services that  A&G will render to the Debtor include, without limitation, the following:

    a.    Representing the Debtor as counsel in the Delaware Appeal;

    b.    Assisting Debtor's bankruptcy counsel on matters that relate to the interaction between the Delaware Appeal and the chapter 11 case;

    c.    Analyzing the Debtor's claims against any third parties as they relate to the Delaware Appeal and any resulting litigation if the matter is remanded;

    d.    Providing advice regarding basis for potential settlement of any claims related to the Delaware Action and Delaware Appeal; and

    e.    Representing the Debtor in the event the Delaware Appeal is successful and the matter is remanded for further proceedings.

14.    To the best of the Debtor's knowledge, information and belief, the members, counsel, associates and paraprofessionals of A&G do not have any connection with the Debtor, its creditors or any other party in interest, or their respective attorneys, other than A&G's prior representation of the Debtor in the Delaware Action.

15.    The Debtor is satisfied that A&G neither represents nor holds any adverse interest to the Debtor, which would preclude it from acting as special litigation and appellate counsel to

4

the Debtor in matters upon which it is to be engaged, and that its employment is necessary and would be in the best interests of the Debtor, its creditors and its estate at large.

16.     A&G is a pre-petition creditor of the Debtor with respect to legal fees in the amount of $22,763.38. A&G currently holds a $10,000 retainer in its client escrow account that the Debtor paid in 2014 pursuant to the May 27, 2014 retention agreement between A&G and the Debtor. A&G will continue to hold, and will not apply, that retainer to the Debtor's pre-petition balance without Order of the Court.

17.     A&G will apply to the Court for allowance of compensation and reimbursement of expenses in accordance with the applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and Orders of this Court.

18.     No previous application for the relief sought herein has been made by the Debtors to this or any other Court.

**WHEREFORE**, the Debtor respectfully requests the entry of the pre-fixed proposed order authorizing it to employ and retain Ashby & Geddes as special Delaware counsel in the Chapter 11 case together with such other and further relief as is just and proper.

Dated:  Port Chester, New York
         February 25, 2011

                                        FINGER LAKES CAPITAL PARTNERS, LLC


                                             */s/ Gregory Shalov*
                                   By: _____
                                        Gregory Shalov, Managing Member