D<small>EL</small>B<small>ELLO</small> D<small>ONNELLAN</small> W<small>EINGARTEN</small>　　　　*Presentment Date: March 21, 2016*
W<small>ISE</small> & W<small>IEDERKEHR</small>, LLP　　　　　　　　　　*Presentment Time: 12:00 p.m.*
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

　　　　　　　　　　　　　　　　　　　　　　Chapter 11

FINGER LAKES CAPITAL PARTNERS, LLC　　Case No. 16-22112 (RDD)

　　　　　　　Debtor.
-----------------------------------------------------------X

### DEBTOR'S MOTION FOR AN ORDER PURSUANT TO BANKRUPTCY RULE 3003(c)(3) ESTABLISHING A DEADLINE FOR FILING CERTAIN PROOFS OF CLAIM AND APPROVING FORM AND MANNER OF NOTICE THEREOF

**TO:　HONORABLE ROBERT D. DRAIN,
　　　UNITED STATES BANKRUPTCY JUDGE**

　　　Finger Lakes Capital Partners, LLC, the above-captioned debtor and debtor-in-possession ("Debtor"), by its attorneys, DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, file this motion ("Motion") seeking entry of an Order, pursuant to §501 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), fixing a deadline by which all entities must file proofs of claim and approving the form and manner of notice thereof. In support of its Motion, the Debtor respectfully sets forth and alleges as follows:

### JURISDICTION AND VENUE

　　　1.　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and

1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory basis for relief requested herein is §501 of the Bankruptcy Code and Bankruptcy Rules 2004 and 3003(c)(3).

## BACKGROUND

3.  On January 29, 2016 (the "Filing Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

4.  Thereafter the instant proceedings were referred to your Honor for administration under the Bankruptcy Code.

5.  The Debtor has continued in possession of its property and the management of its business affairs as a debtor-in-possession pursuant to §§1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner or statutory committee has been appointed.

## BACKGROUND

6.  The Debtor is an asset Management firm that was formed in 2003.

## RELIEF REQUESTED AND BASIS FOR RELIEF

7.  As part of the Debtor's reorganization, it is essential that the Debtor determine and fix its liabilities so as to analyze potential claims and their classification, which will, in turn, further facilitate the Debtor's proposed plan of reorganization. The Debtor has heretofore filed schedules of assets and liabilities and statements of financial affairs with the Bankruptcy Court.

8.  Therefore, the Debtor respectfully submits that it is necessary that an order be made and entered by this Court fixing a date by which certain claims must be filed by the holders thereof.

9.  In order for the Debtor to properly proceed with a plan of reorganization, it is

likewise necessary that creditors be advised that they must file their claims by a specific time. In that regard, the Debtor respectfully submits that an order setting the last day for filing claims is essential for proper administration of this case.

10. It is requested that the Court enter the pre-fixed proposed order submitted herewith as **Exhibit "A"** (the "Bar Date Order"). The proposed Bar Date Order provides that all claims as defined in §101(5) of the Bankruptcy Code, other than those specifically excepted by the proposed Bar Date Order, shall be filed with this Court, in writing, substantially in conformity with Official Bankruptcy Form 10 on or before **May 5, 2016** (the "Bar Date"), at the Office of the Clerk of the Bankruptcy Court.

11. The proposed Bar Date Order further provides that any creditors holding claims required to be filed pursuant to the provisions of said Order and not filed on or before the Bar Date shall be forever barred against the Debtor from participating in or sharing in any distribution in this case.

12. The pre-fixed, proposed Bar Date Order further provides that claims already filed or listed in the Debtor's schedules as not being contingent, disputed or unliquidated are excepted from the provisions of said order and are not required to be filed before the Bar Date, as are claims of professionals duly retained pursuant to orders of retention signed by the Court pursuant to §327 of the Bankruptcy Code.

13. In addition, claims of governmental units under §507(a)(8) of the Bankruptcy Code shall also be excepted from this provision in accordance with §502(b)(9) of the Bankruptcy Code.

14. Finally, the proposed Bar Date Order provides that a notice (the "Bar Date Notice") substantially in the form annexed hereto as **Exhibit "B"** shall be mailed by regular mail

on or before a date to be fixed by the Court to all persons who are believed to have claims of any kind against the Debtor, including: (i) parties listed in the schedules heretofore filed by the Debtor; (ii) all parties filing notices of appearance herein; (iii) the Debtor's taxing authorities; and (iv) the Office of the United States Trustee, so that those entities entitled to notice shall receive at least thirty-five (35) days notice of the Bar Date. It is respectfully requested that said form of notice also be approved.

15. No prior request for the relief sought herein has been made heretofore.

**WHEREFORE**, the Debtor respectfully requests that (1) the Court fix the Bar Date, (2) the proposed Bar Date Order be approved and entered herein, and (3) the Bar Date Notice be approved, together with such other and further relief as to this Court may seem just and proper under the circumstances.

Dated: White Plains, New York
       February 25, 2016

                                            DELBELLO DONNELLAN WEINGARTEN
                                            WISE & WIEDERKEHR, LLP
                                            *Proposed Attorneys for the Debtor*
                                            One North Lexington Avenue
                                            White Plains, New York 10601
                                            (914) 681-0200


                                            By: */s/ Dawn Kirby*
                                            Dawn Kirby