DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Counsel for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Dawn Kirby, Esq.

**Hearing Date: April 8, 2016**
**Hearing Time: 10:00 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:

FINGER LAKES CAPITAL PARTNERS, LLC,

                                        Debtor.

--------------------------------------------------------X

Chapter 11
Case No. 16-22112 (RDD)

## MOTION OF THE DEBTOR FOR ENTRY OF AN ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT THE DEBTOR TO PROCEED WITH A PENDING APPEAL PURSUANT TO 11 U.S.C. § 362(d)(1)

Finger Lakes Capital Partners, LLC, the above-referenced debtor and debtor-in-possession (the "Debtor"), by its counsel, DelBello, Donnellan, Weingarten, Wise & Wiederkehr, LLP, as and for its motion for an order modifying the automatic stay to permit the Debtor to prosecute a pending appeal pursuant to 11 U.S.C. §362(d)(1) (the "Motion"), respectfully sets forth as follows:

### PRELIMINARY STATEMENT

1.   The Debtor seeks a modification The Debtor seeks to modify the automatic stay to permit the Debtor to expeditiously proceed with a pending appeal filed by the Debtor as Plaintiff and counterclaim defendant below, Appellant, against Honeoye Lake Acquisition LLC ("Honeoye") and Lyrical Opportunity Partners, L.P., ("Lyrical") as Defendants and counterclaim plaintiffs below, Appellees, in the Supreme Court of the

State of Delaware, Case No. 42,2016 (the "Appeal") pursuant to 11 U.S.C. §362(d)(1).

Prosecution of the Appeal is the critical to the success of the Debtor's chapter 11 case.  It

involves a lawsuit commenced by the Debtor against Lyrical concerning their mutual

investment, Honeoye.  The Debtor strongly believes the lower court erred and misapplied

the law in finding, among other things, that the operating agreement of Honeoye, the

plain language of which says that it supersedes all other agreements, could be set aside

and superseded by an alleged prior oral "claw back" agreement that permits over $6

million dollars in profits due to the Debtor from the Honeoye investment to be forfeited

and/or applied to losses incurred in other, unrelated investments between the parties.  The

outcome of the Appeal will have a huge impact on the outcome of the Debtor's chapter

11 case and will lead to judicial efficiency—all without prejudicing any parties in

interest.

### JURISDICTION

2.   This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§157

and 1334.  This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2).  Venue

is proper pursuant to 28 U.S.C. §§1408 and 1409.

3.   The statutory basis for relief requested herein is §105(a) and §362(d)(1) of

title 11 of the United States Code, 11 U.S.C. §§101, et seq., (the "Bankruptcy Code") and

Rules 2004, 9016, and 9020 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules").

### BACKGROUND

4.   On January 29, 2016, the Debtor filed a voluntary petition for reorganization

pursuant to Chapter 11 of the Bankruptcy Code.  The Debtor has continued in possession

of its properties and the management of its business affairs as a Debtor-in-Possession

pursuant to §1107 and 1108 of the Bankruptcy Code.  No Committee, Trustee or

Examiner has been appointed.

5.   The Debtor is an asset management company.

6.   Between 2004 and 2008 the Debtor partnered with Lyrical to invest in five

portfolio companies.  The Debtor managed the portfolio companies, each through a

special purpose vehicle owned by the Debtor and Lyrical. The Debtor received

commensurate management fees and received "carried interest", which in the Debtor's

industry is a term of art for an equity interest that the manager of an investment receives

as additional compensation for locating and managing the investment.

7.   In March 2014, one of the portfolio companies (the "Honeoye Portfolio

Company") was sold resulting in over $31 million net available for distribution to the

Debtor and Lyrical.  The Debtor asserted that under the express terms of operating

agreement (the "Operating Agreement") between the Debtor and Lyrical, the Debtor is

entitled to at least $6 million dollars of the available funds.   However, Lyrical refused to

turn over the funds.

8.   In June 2014, the Debtor sued Lyrical seeking distribution of the proceeds of

the sale in the Delaware Court of Chancery in an action entitled *Finger Lakes Capital*

*Partners, LLC v. Honeoye Lake Acquisition LLC and Lyrical Opportunity Partners, L.P.*,

C.A. No. 9742-VCL (the "Delaware Action").

9.   On January 15, 2015, the Court of Chancery found in the Debtor's favor,

granting judgment on the pleadings.  The court held, in part:

> Otherwise, judgment is entered in favor of the plaintiff on the pleadings
> declaring that they have a right to 25 percent of the cash currently held by

> HLA [Honeoye Lakes Acquisition] plus 25 percent of the preferential
> distribution in the amount of approximately 6.083 million that was
> distributed previously by HLA…

However, the Defendants had remaining counter claims.  The Court of Chancery

scheduled the matter for a trial. The trial took place June 15 – 16, 2015.  A copy of the

relevant portion of the transcript is annexed as **Exhibit A**.

10. After trial, the Delaware Court surprised the Debtor by reaching a

determination that the Debtor strongly believes is legally incorrect, especially in light of

the Delaware Court's prior ruling granting Debtor's motion for judgment on the

pleadings..  In summary, the Delaware Court improperly found, among other things, that

proceeds from the sale of the Honeoye Portfolio Company could be "clawed back" and

applied to losses on other, separate portfolio companies.  The Delaware Court awarded

net damages to Lyrical in the amount of $1,002,903.77 and determined the claw back

wiped out the Debtor's $6,000,000+ entitlement under the Honeoyoe Operating

Agreement.

11. On January 28, 2016, the Debtor filed a Notice of Appeal from the Delaware

Court's (i) memorandum opinion dated October 26, 2015 (the "Memorandum Opinion");

(ii) order granting in part and denying in part the parties' cross-motions for reargument

dated November 28, 2015 (the "Reargument Order"); and (iii) a final order and judgment

dated January 22, 2016 (the "Final Order and Judgment").  Copies of Notice of Appeal,

Final Order and Judgment, Reargument Order and the Memorandum Opinion are

annexed as **Exhibits B through E**, respectively.

12. As a direct result of the determination of the Delaware Court, the Debtor

sought protection under chapter 11 to protect its assets for the benefit of its creditors

4

pending the outcome of the Appeal.

### ARGUMENT

13. The Debtor seeks to modify the automatic stay to permit it to prosecute the

Appeal. "It is well settled that, since the purpose of the automatic stay is to protect

creditors as well as the debtor, the debtor may not waive the stay [without Bankruptcy

Court approval]." *Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d

Cir.1986).

14. The automatic stay may be lifted or modified for cause pursuant to

Bankruptcy Code § 362(d)(1), which provides in relevant part"

> (d) On request of a party in interest and after notice and a
> hearing, the court shall grant relief from the stay provided
> under subsection (a) of this section, such as by terminating,
> annulling, modifying, or conditioning such stay . . .

> (1) for cause, including the lack of adequate protection of
>    an interest in property of such party in interest . . . .

15. In determining whether cause exists to lift the automatic stay pursuant to

§362(d)(1) of the Bankruptcy Code, courts in the Second Circuit consider factors set out

in *In re Sonnax Industries*, 907 F.2d 1280 (2d Cir. 1990).

16. The *Sonnax* factors are:

> (1) whether relief would result in a partial or complete resolution
> of the issues;

> (2) lack of any connection with or interference with the bankruptcy
> case;

> (3) whether the other proceeding involves the debtor as a fiduciary;

> (4) whether a specialized tribunal with the necessary expertise has
> been established to hear the cause of action;

(5) whether the debtor's insurer has assumed full responsibility for defending it;

(6) whether the action primarily involves third parties;

(7) whether litigation in another forum would prejudice the interests of other creditors;

(8) whether the judgment claim arising from the other action is subject to equitable subordination;

(9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor;

(10) the interests of judicial economy and the expeditious and economical resolution of litigation;

(11) whether the parties are ready for trial in the other proceeding; and

(12) the impact of the stay on the parties and the balance of harms.

17.  "Not all of the Sonnax Factors are relevant in every case, and 'cause' is a broad and flexible concept that must be determined on a case-by-case basis." *Spencer v. Bogdanovich*, 292 F.3d 104, 110 (2d Cir. 2002) (citing *Mazzeo v. Lenhart*, 167 F.3d 139, 143 (2d Cir. 1999)).

18. Here, the relevant factors weigh strongly in favor of modifying the stay to allow the Appeal to go proceed.  The Appeal is critical to the full administration of the Debtor's estate and claims adjudication process needed in the Chapter 11 case.

19. First, the relief would result in a partial or complete resolution of the issues. The Appeal will address all claims at issue in the Delaware Action.  It is necessary to proceed with the Appeal so that a complete resolution can be obtained.

20. Second, the relief will not interfere with the bankruptcy case.  To the contrary, all issues in dispute will be determined by the Delaware appeals court.  The ultimate

outcome in the chapter 11 case is dependent upon the outcome of the Appeal.

21. The third factor is inapplicable.

22. Fourth, the Delaware appellate court is a specialized tribunal, well versed in analyzing and applying Delaware State law in the context of an appeal.

23. The fifth factor is inapplicable.

24. Sixth, the action primarily involves only two parties, the Debtor and Lyrical.

25. Seventh, there would be no prejudice to Lyrical or any creditor if the appeal was prosecuted in the Delaware appeals court.  Indeed, the other creditors stand to benefit enormously if the Debtor is successful in the Appeal and becomes entitled to receive over $6 million dollars in connection with the sale of the Honeoye Portfolio Company.

26. The eighth and ninth factors are inapplicable.

27. Tenth, the Debtor submits that the most expeditious and economical way to proceed with respect to the Debtor's claims on appeal is to proceed in the Delaware appeals court.

28. Eleventh, the Debtor is ready to move forward with its briefing of the legal in the Appeal immediately.

29. Twelfth, the balance of harms strongly favors the Debtor.  In the event the Debtor does not have an opportunity to challenge what it believes is an incorrect decision on the law in the Delaware Action, the Debtor will be foreclosed from asserting its claim for turnover of profits from Lyrical in the amount of over six million dollars.  This is the crux of the Debtor's chapter 11 case and a very important stepping stone to the Debtor being able to emerge from chapter 11.  If the decision in the Delaware Action is allowed to stand, the Debtor will be irreparably harmed.  The final factor thus weighs strongly in

favor of modifying the stay.

30. In an attempt to avoid unnecessary motion practice, the Debtor requested Lyrical's consent to a modification of the stay to permit the appeal to expeditiously proceed.  To date, Lyrical has declined to so consent.

<u>CONCLUSION</u>

31. No previous application for the relief requested herein has been made to this or any other Court.

32. In the event the Court grants the Motion, the Debtor respectfully requests waiver of the 14-day stay of such an order imposed by Bankruptcy Rule 4001(a)(3).

**WHEREFORE**, the Debtor respectfully requests entry of the Order annexed hereto as **Exhibit F**, together with such other and further relief as appears just to this Court.

Dated: White Plains, New York
　　　March 3, 2016

Respectfully submitted,

DELBELLO DONNELLAN
WEINGARTEN WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200

By: */s/ Jonathan S. Pasternak*
　　Jonathan S. Pasternak