IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>FINGER LAKES CAPITAL PARTNERS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-22112 (RDD) |

## STIPULATION AND ORDER AUTHORIZING AMENDMENT OF LIMITED LIABILITY COMPANY OPERATING AGREEMENT OF CAYUGA LAKE ACQUISITION, LLC

This stipulation (the "**Stipulation**") is made as of the date set forth below, between (i) Finger Lakes Capital Partners, LLC ("**Finger Lakes**" or the "**Debtor**"), on the one hand, and (ii) ALG Fund, LLC ("**ALG**"), on the other hand (Finger Lakes and ALG collectively being referred to as the "**Parties**"), by and through their undersigned representatives.

## RECITALS

WHEREAS, prior to January 29, 2016 (the "**Petition Date**"), ALG and Finger Lakes were the sole members of Cayuga Lake Acquisition, LLC, a Delaware limited liability company (the "**Company**").

WHEREAS, the Company is governed by that certain Limited Liability Company Operating Agreement dated as of June 17, 2013 (as amended from time to time, the "**LLC Agreement**"), a copy of which is attached hereto as Exhibit 1. Pursuant to the LLC Agreement, the Company's membership interests are divided into two classes: (1) Class A Membership Interests and (ii) Class B Membership Interests. Members holding Class B Membership Interests ("**Class B Members**") are entitled to vote on all matters submitted to a vote of the members, whereas members holding Class A Membership Interests ("**Class A Members**") have no voting

rights. Any amendment of the LLC Agreement requires the consent of all members, without regard to whether such member is a Class A Member or a Class B Member.

WHEREAS, ALG is the sole Class A Member of the Company.

WHEREAS, prior to the Petition Date, Finger Lakes was the sole Class B Member of the Company, and, therefore, the only member holding voting rights under the LLC Agreement. In addition, the LLC Agreement designated Finger Lakes as the initial manager of the Company (the "**Manager**").

WHEREAS, under the LLC Agreement, only Class B Members have the authority to designate, remove, and redesignate the Manager.

WHEREAS, on the Petition Date, Finger Lakes commenced its bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code and, by operation of Delaware law, ceased to be a member of the Company.[1] As a result ALG is the sole remaining member of the Company.

WHEREAS, to allow for continuing operation of the Company in an efficient manner, the Parties believe it is in their mutual interest that the LLC Agreement be amended, as set forth in Amendment No. 3 to the LLC Agreement attached hereto as Exhibit 2 (the "**Proposed Amendment**"), to, *inter alia*, grant ALG voting rights with respect to the governance of the Company and to provide ALG the right to designate, remove and redesignate the Manager.

NOW, THEREFORE THE UNDERSIGNED STIPULATE AND AGREE AS FOLLOWS:

---

[1] Delaware law provides that "[u]nless otherwise provided in a limited liability company agreement," a person "ceases to be a member of a limited liability company" upon the occurrence of certain specified events, including if such person "[f]iles a voluntary petition in bankruptcy . . . ." 6 Del. C. § 18-304. The LLC Agreement does not modify this statutory default provision.

2

## AGREEMENT

1. The above recitals are incorporated as if fully set forth herein.

2. Upon the entry of an order by the Bankruptcy Court for the Southern District of New York approving this Stipulation becoming final and non-appealable, the Debtor and ALG are authorized to take any actions as may be necessary to adopt the Proposed Amendment and to take such actions as are contemplated by the Proposed Amendment.

3. For the avoidance of doubt, the Debtor shall retain all of its economic rights with respect to the Company as set forth in the Distribution Waterfall set forth in Exhibit B to the Proposed Amendment, and nothing in this Stipulation shall be read to modify or terminate those economic rights.

4. For the avoidance of doubt, the exculpation and indemnification provisions of Section 4.3 of the Company's Limited Liability Company Operating Agreement shall remain in full force and effect.

5. The Proposed Amendment shall not become effective until entry of this Stipulation and Order has become final and non-appealable.

6. This Stipulation is subject to approval of the Bankruptcy Court.

This Stipulation may be executed and delivered in any number of original, electronic mail or facsimile counterparts, each of which shall be deemed an original, but which together shall constitute one and the same instrument.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

IN WITNESS WHEREOF, the Parties have executed this Stipulation on the date set forth below.

Dated: March __, 2016

/s/ *Matthew Grossman*
Matthew S. Grossman
ALG FUND, LLC
280 Railroad Avenue
Second Floor
Greenwich, Connecticut 06830

/s/ *Gregory Shalov*
Gregory Shalov
FINGER LAKES CAPITAL PARTNERS, LLC
168a Irving Avenue
Port Chester, New York 10573

/s/ *Zubin Mehta*
Zubin Mehta
FINGER LAKES CAPITAL PARTNERS, LLC
168a Irving Avenue
Port Chester, New York 10573

SO ORDERED THIS __ DAY OF APRIL, 2016

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE