# EXHIBIT 2

## EXHIBIT 2

### Proposed Amendment

01:18449252.5

**AMENDMENT NO. 3
TO
LIMITED LIABILITY COMPANY OPERATING AGREEMENT
OF
CAYUGA LAKE ACQUISITION, LLC**

THIS AMENDMENT NO. 3 TO LIMITED LIABILITY COMPANY OPERATING AGREEMENT (this "Amendment") of Cayuga Lake Acquisition, LLC, a Delaware limited liability company (the "Company"), is made effective as of March ___, 2016, by ALG Fund, LLC, a Delaware limited liability company ("ALG"), the sole Member of the Company.

WHEREAS, the Company was formed pursuant to a Certificate of Formation dated and filed with the Secretary of State of Delaware on May 20, 2013;

WHEREAS, the Company is governed by a Limited Liability Company Agreement, dated as of June 17, 2013, entered into by Finger Lakes Capital Partners LLC, a Delaware limited liability company ("FLCP"), and ALG, as Members, and the Company, as amended by an Amendment No. 1, dated effective as of January ___, 2014 [sic], entered into by FLCP and ALG, and an Amendment No. 2, dated effective as of November ___, 2014 [sic], entered into by FLCP and ALG (collectively, the "Company LLC Agreement");

WHEREAS, on January 29, 2016, FLCP filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Case");

WHEREAS, pursuant to § 18-304 of the Act, upon the filing of the Bankruptcy Case, FLCP ceased to be a Member;

WHEREAS, Section 9.7 of the Company LLC Agreement permits amendment of the Company LLC Agreement only by a written agreement executed by each of the Members; and

WHEREAS, ALG, as the sole Member of the Company, desires to amend the Company LLC Agreement pursuant to this Amendment.

NOW, THEREFORE, for and in consideration of the foregoing recitals and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, ALG hereby agrees as follows:

1.    Definitions.    Capitalized terms set forth in this Amendment and not otherwise defined shall have the meaning ascribed to such terms in the Company LLC Agreement.

2.    Amendments. The Company LLC Agreement is hereby amended as follows:

(a)    The definitions of "Class A Membership Interests" and "Membership Interest" set forth in Article I of the Company LLC Agreement are deleted in their entirety and the following new definitions are hereby inserted as the definitions of "Class A Membership Interests" and "Membership Interest", respectively:

""Class A Membership Interests" means the voting Class A Membership Interests of the Company as set forth in Section 3.1 of this Agreement."

""Membership Interest" means the entire limited liability company interest of a Member in the Company at any particular time, including, without limitation,

the rights and obligations of such Member under this Agreement and the Act. There shall be two classes of Membership Interests: voting Class A Membership Interests and voting Class B Membership Interests."

(b)    Section 3.1 of the Company LLC Agreement is deleted in its entirety and the following new Section 3.1 is inserted as Section 3.1 of the Company LLC Agreement:

"SECTION 3.1    Classes of Membership Interests.    The interests of the Members of the Company shall be divided into the following two classes of interests: (i) Class A Membership Interests and (ii) Class B Membership Interests. The class of Membership Interest of each Member or holder of a Membership Interest shall be as set forth opposite such Member's or holder's, as applicable, name on Exhibit A hereto."

(c)    Section 3.4 of the Company LLC Agreement is deleted in its entirety and the following new Section 3.4 is inserted as Section 3.4 of the Company LLC Agreement:

"SECTION 3.4.    Additional Capital Contributions.    In addition to the Initial Capital Contributions, the Members holding Class A Membership Interests, by unanimous written consent, may determine from time to time that additional capital contributions are needed to enable the Company to conduct its business. Upon such Class A Members' making of such a determination, the Company shall give notice to all Members in writing at least ten (10) business days prior to the date on which such contribution is due, such notice shall set forth the amount of additional contributions needed, the purpose for which the contributions are needed, and the date by which the Members may contribute. Each Member shall be entitled to contribute a proportionate share of such additional contributions, in accordance with its Class B and/or Class A Sharing Ratio, respectively. No Member shall be obligated to make any such additional contributions. In the event any one or more Members do not make their additional contributions, the other Members shall be given the opportunity to make the contributions. Any additional contributions by a Member pursuant to this Section 3.4 shall be credited to such Member's Capital Account in accordance with Section 3.5(b)."

(d)    Subsection (d) of Section 3.5 of the Company LLC Agreement is deleted in its entirety and the following new Subsection (d) is inserted as Subsection (d) of Section 3.5 of the Company LLC Agreement:

"(d)    Upon the occurrence of certain events described in Treasury Regulations Sections 1.704-1(b)(2)(iv)(f), 1.704-1(b)(4) and 1.704-2, the Manager shall increase or decrease the Capital Accounts of the Members to reflect a revaluation of Company property on the Company's books to its fair market value (as determined by all the Members holding Class A Membership Interests and taking into account Section 7701(g) of the Code)."

(e)    Section 4.1 of the Company LLC Agreement is deleted in its entirety and the following new Section 4.1 is inserted as Section 4.1 of the Company LLC Agreement:

"**SECTION 4.1**        <u>Management of Company Business.</u>

(a)        The Members agree that the "Manager" of the Company (within the meaning of the Act) shall be ALG Investment Management, LLC.  A Majority In Interest of the Members holding Class A Membership Interests shall at all times from and after the date hereof have the right to designate, remove and redesignate the Manager.

(b)        Whenever any Manager vacancy (whether occurring by reason of resignation, removal or otherwise) is to be filled, a Majority in Interest of the Members holding Class A Membership Interests shall be entitled to designate a successor Manager to fill such vacancy."

(f)        <u>Section 5.4</u> of the Company LLC Agreement is deleted in its entirety and the following new <u>Section 5.4</u> is inserted as <u>Section 5.4</u> of the Company LLC Agreement:

"**SECTION 5.4.**        <u>Quorum.</u>  A Majority in Interest of the Members of the Members holding Class A Membership Interests shall constitute a quorum at all meetings of the Members, except as otherwise provided by Law.  Once a quorum is present at the meeting of the Members, the subsequent withdrawal from the meeting of any Member prior to adjournment or the refusal of any Member to vote shall not affect the presence of a quorum at the meeting.  If, however, such quorum shall not be present at any meeting of the Members, the Members entitled to vote at such meeting shall have the power to adjourn the meeting from time to time, without notice other than announcement at the meeting, until a Majority in Interest of the Members holding Class A Membership Interests shall be present or represented."

(g)        <u>Section 5.6</u> of the Company LLC Agreement is deleted in its entirety and the following new <u>Section 5.6</u> is inserted as <u>Section 5.6</u> of the Company LLC Agreement:

"**SECTION 5.6.**        <u>Voting on Matters.</u>

(a)        Except to the extent otherwise provided in this Agreement or by Applicable Law, at any meeting of the Members at which a quorum is present, the vote of a majority of the Class A Membership Interests represented at such meeting shall be the act of the Members, unless the vote of a greater number is required by this Agreement or by law.

(b)        Notwithstanding any powers granted to the Manager under this Agreement, the following actions shall not be taken, approved or effective unless such actions are approved by a vote of a Majority in Interest of the Members holding Class A Membership Interests:

(i)        the sale, exchange, lease or other transfer of all or materially all of the assets of the Company;

(ii)     any liquidation or dissolution of the Company, or any merger or consolidation involving the Company, or the making of any agreement to do so;

(iii)    the commencement of any bankruptcy, insolvency or reorganization proceeding with respect to the Company or the making of any assignment for the benefit of creditors of the Company; and

(iv)    except as otherwise provided in this Agreement, the admission of an additional Member or Substituted Member in the Company.

(v)     any act in contravention of this Agreement;

(vi)    any act that would make it impossible to carry on the ordinary business of the Company, except (A) as otherwise provided in this Agreement, or (B) pursuant to the exercise of the Company's rights under any applicable bankruptcy, insolvency, debtor protection or similar law;

(vii)   any amendment of this Agreement or the Certificate of Formation;

(viii)  any issuance of Membership Interests, securities, rights, options, or warrants."

(h)     Solely for purposes of (i) Article VII of the Company LLC Agreement and (ii) Exhibit A and Exhibit B to the Company LLC Agreement, references in such Article VII and such Exhibit A and Exhibit B to the term "Member" shall be deemed to mean a Member, an assignee, or any holder of a Membership Interest.

(i)     The word "Membership" as it appears in Section 7.2 of the Company LLC Agreement is deleted and the word "Company" is inserted in place thereof.

(j)     Subsections (b) and (c) of Section 8.1 of the Company LLC Agreement are deleted and the following new subsection (b) and (c) are inserted as subsections (b) and (c) of Section 8.1 of the Company LLC Agreement:

"(b)    upon the unanimous written agreement of all of the Members holding Class A Membership Interests;

(c)     upon the occurrence of an event as set forth in Section 18-801(4) of the Act unless the remaining Members holding Class A Membership Interests, within ninety days after the occurrence of such event, unanimously elect to continue the business of the Company pursuant to the terms of this Agreement and to appoint, if necessary or desired, effective as of the date of such event, one or more additional members of the Company;"

(k)     Exhibit B to the Company LLC Agreement is hereby deleted and Exhibit B attached to this Amendment is hereby inserted as Exhibit B to the Company LLC Agreement.

-4-

3.      Effect of Amendment. Except as modified by this Amendment, the Company LLC Agreement is hereby ratified and confirmed in all respects. For the avoidance of doubt, nothing in this Amendment shall affect, alter, or otherwise impair the rights of any holder of Class B Membership Interests under the Company LLC Agreement to (a) receive allocations of items of Company income, gain, loss, and deduction in respect of such Class B Membership Interest under the Company LLC Agreement; or (b) receive any distributions of cash or other assets of the Company in respect of such Class B Membership Interest.

4.      Headings. Section and subsection headings in this Amendment are included herein for convenience of reference only and shall not constitute a part of this Amendment for any other purpose or be given any substantive effect.

5.      Choice of Law. This Amendment shall be governed by the internal laws of the State of Delaware, without giving effect to the principles of conflicts of law applied thereunder.

6.      Electronic or Facsimile Signature. Facsimiles or other electronic reproductions of this Amendment containing original signatures of any party shall be deemed for all purposes to be originally-signed copies of this Amendment.

*Signature Page Follows*

-5-

IN WITNESS WHEREOF, ALG has executed this Amendment as of this  17  day of March, 2016.

ALG FUND, LLC

By: _____

Name:  Matthew Grossman
Title:   CEO

[SIGNATURE PAGE TO AMENDMENT NO. 3 TO LIMITED LIABILITY COMPANY OPERATING AGREEMENT]

## EXHIBIT B

## DISTRIBUTION WATERFALL
### (pursuant to Section 7.1)

As used in this Exhibit B, "Manager" means Finger Lakes Capital Partners LLC ("Finger Lakes"), without regard to whether Finger Lakes is serving as the "Manager" or continues as a Member under the Agreement.

The Manager will take a 20.00% "Carried Interest" (as defined below) on any gain in the investment upon a return to the Company.

Distributions will be made out of available cash realized by the Company from disposition of its investments, plus any dividends or interest income received. Such Distributions shall be made in cash and in U.S. dollars or in marketable securities at the sole discretion of the Manager.

Distributions of Profits and Losses. Distributions of available cash of the Company shall initially be apportioned among all Members holding Class A and Class B Membership Interests, and the Manager as follows:

      (a)    Return of Capital: First, one hundred percent (100%) to the Members, pro rata in proportion to their contributed capital (their Overall Sharing Ratios), until the cumulative amount of all distributions to each Member pursuant to this clause (a) is equal to the sum of the Capital Contributions made by such Member;

      (b)    Preferred Return: Second, one hundred percent (100%) to the Members, pro rata in proportion to their Overall Sharing Ratios, until the cumulative amount of all distributions to each Member pursuant to this clause (b) is sufficient to provide each such Member with a rate of return equal to six percent (6%) per annum compounded annually on the Capital Contributions of such Member computed from the dates the Capital Contributions were made by such Members;

      (c)    Carried Interest Catch-up: Third, one hundred percent (100%) to the Manager as an incentive distribution (the "Carried Interest") until the Manager has received cumulative distributions equal to 20% of all distributions made pursuant to clause (b) immediately above and this clause (c).

      (d)    Carried Interest: Fourth, 80% to the Members, pro rata in proportion to their respective Overall Sharing Ratios and 20% to the Manager as additional Manager's "Carried Interest".

01:18452669.1