Bijan Amini
Avery Samet
Jeffrey Chubak
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Lyrical Opportunity Partners, L.P.*
*and Jeffrey Keswin*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>FINGER LAKES CAPITAL PARTNERS, LLC,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-22112 (RDD)<br><br>**Re: ECF No. 28** |

**LYRICAL OPPORTUNITY PARTNERS, L.P.'S AND JEFFREY KESWIN'S OBJECTION TO DEBTOR'S REQUEST FOR ENTRY OF ORDER AUTHORIZING AMENDMENT OF CAYUGA OPERATING AGREEMENT**

Lyrical Opportunity Partners, L.P. ("Lyrical") and Jeffrey Keswin ("Keswin") hereby object to the request by the above-captioned debtor (the "Debtor"), made on presentment, that this Court "so order" a stipulation [ECF No. 28-1] (the "Stipulation") between the Debtor and ALG Fund, LLC ("ALG") ratifying a proposed Amendment No. 3 [ECF No. 28-3] (the "Amendment") to that certain operating agreement [ECF No. 28-2] (the "Agreement") of Cayuga Lake Acquisition, LLC ("Cayuga"), the holding company through which the Debtor owns a 20% carried interest[1] in Nourish Snacks, Inc. ("Nourish"), and respectfully state:

---

[1] Under Exhibit B to the Agreement, the Debtor is entitled to 20% of the net profits from any sale of Nourish, after the Debtor and ALG have received the return of their capital contributions (totaling $300,000) plus additional amounts such that they achieve a 6% internal rate of return. This amount is referred to herein as the "carried interest."

**OBJECTION**

## I.    THE STIPULATION SHOULD NOT BE APPROVED ON PRESENTMENT

1.      Local Rule 9074-1(c) limits the ability to seek relief on presentment to certain designated administrative motions, such as motions for default judgments or motions to extend the time to object to discharge, "where it is anticipated that a motion … will be uncontested."

2.      The Debtor's request is not listed among the forms of relief which may be requested on presentment in Local Rule 9074-1(c)(1), nor is the relief sought administrative in nature.  The Debtor owns a carried interest in just two portfolio companies (Nourish and Rethink Autism, Inc.), and of the two only one is managed by the Debtor (Nourish).  Yet by the Stipulation the Debtor has proposed modifying eight different sections of and key definitions in the operating agreement of the holding company through which the Debtor owns its carried interest in Nourish.  Moreover, because the Debtor has not filed a copy of Amendment Nos. 1-2 of the Agreement, it is impossible to fully comprehend the practical effects of the Debtor's proposed changes.

3.      In addition, the Debtor had no basis for assuming its request for approval of the Amendment would be uncontested, and did not consult Lyrical or Keswin before filing the Stipulation.  Relief of this magnitude should be sought on a proper motion, with proper disclosure and explanation.

## II.    SIGNIFICANT QUESTIONS EXIST CONCERNING THE DEBTOR'S RELATIONSHIP WITH ALG

4.      ALG shares the same address as FCPC, LLC, an entity which received payments during the preference period which the Debtor has been unable or unwilling to identify.  *See* Exhibit A hereto; Chubak Decl. Exhibit 15.  First, the Debtor claimed to not remember who FCPC was, even though the debtor paid only three other parties during the preference period (the Debtor's lawyer, the Debtor's principal's wife, and a credit card).  341 Tr. at 43:22-44:23; SOFA, Item 3.  Second, the Debtor claimed FCPC was "a landlord in Port Chester, New York," despite having

previously claimed the Debtor did not pay rent and only identifying a different entity as its

landlord.  Opposition to Motion to Dismiss at ¶12; 341 Tr. at 15:21-16:19.[2]

5.        In addition, ALG is an insider of the Debtor because its principal, Matthew

Grossman, is also the "Executive Officer" and "Director" of Nourish.  *See* Exhibit B hereto.

Nevertheless, if FCPC, an entity with almost the same name as the Debtor, received payments

outside of the 90 day preference period, but within the insider preference period, the Debtor has

not disclosed them.

6.        Given the absence of a clear answer concerning the relationship between the Debtor

and its principals, on the one hand, and ALG, Grossman, and FCPC, on the other, no relief should

be awarded that would result in the estate ceding control to ALG of the right to approve the sale

of the one portfolio company (Nourish) which the Debtor has a carried interest in and manages.

## III.    THE DEBTOR FAILED TO DEMONSTRATE THE AMENDMENT ADEQUATELY PROTECTS THE ESTATE'S RIGHTS

7.        The Debtor asserts that Delaware Law operates to automatically divest it of its

membership interest in Cayuga.  Stipulation, Recital ¶4.  However, even if true, the Debtor remains

the "manager" under the Agreement regardless of its bankruptcy.  *See* Agreement § 4.1(a).  This

is potentially a valuable right because the manager makes decisions regarding the timing and

amount of interim distributions.  In addition, preserving this right ensures approval of this Court

is required before Cayuga's manager may sell Nourish or make such distributions.

8.        Contract rights are estate property under Bankruptcy Code section 541. *See Wegner*

*Farms Co. v. Merchants Bonding Co. (In re Wegner Farms Co.)*, 49 B.R. 440, 443 (Bankr. N.D.

Iowa 1985) ("the Debtor had valid contractual rights in the bonding agreement on the date of the

---

[2] The Debtor also budgeted no rent expense in its cash collateral budget.  However, its opposition to Lyrical's and Keswin's motion to dismiss claims the Debtor intends to start paying $1,400 a month in rent during the bankruptcy.  The Debtor does not indicate to whom or why it will pay this rent.

filing.  Contractual rights constitute intangible property which is included within the definition of property of the estate"); *see also LTV Corp. v. Aetna Casualty and Surety Co. (In re Chateaugay Corp.)*, 116 B.R. 887, 898 (Bankr. S.D.N.Y. 1990) (same); Brandon J. Wilson, "Section 541 and Debtor's LLC Membership as Property of Estate," 33 AM. BANKR. INST. J. 24 (Feb. 2014) ("The idea that a debtor's governance rights are property of [its] estate is critical for creditors").

9.      At the very least, the Debtor should explain why these rights must be transferred outside of the ordinary course pursuant to Bankruptcy Code section 363(b) (or abandoned). *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

10.      Absent Court approval of the Amendment, this Court's approval would be required for Cayuga to sell or otherwise transfer its interests in Nourish.[3]  In the absence of any argument otherwise, this Court should retain such authority, particularly given the serious concerns expressed regarding the true relationship between ALG and the Debtor.

11.      Finally, and in the alternative, the proposed order should be modified to provide that the operating agreement cannot be further amended or modified without further of this Court. (This is necessary because, among other reasons, ALG, as sole manager and member of Cayuga, or a successor could further amend the distribution provisions in Exhibit B to the Agreement, as amended.)

---

[3] Section 5.6(b) of the Agreement provides Nourish cannot be sold without the consent of the "Class B" member (the Debtor).  The Debtor acknowledges that because it ceased to be a member of Cayuga pursuant to 6 Del. C. § 18-304(1)(b) upon the commencement of this case, there is no current "Class B" member which can approve a sale of Nourish.  The Amendment, however, would modify Section 5.6(b) to provide Nourish cannot be sold without the consent of the "Class A" member (ALG), and thus its approval would result in the estate ceding to ALG control over any sale by Cayuga of Nourish.

## CONCLUSION

This Court should not "so order" the Stipulation.

Dated: April 7, 2016                    Respectfully submitted,
       New York, New York

/s/ Jeffrey Chubak
Bijan Amini
Avery Samet
Jeffrey Chubak
STORCH AMINI & MUNVES PC
2 Grand Central Tower
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100

*Attorneys for Lyrical Opportunity Partners, L.P.*
*and Jeffrey Keswin*

**EXHIBIT A**

**Search Results for ALG in Conn. Secretary of State Database**

## Business Inquiry

### Business Details

| | | | |
|---|---|---|---|
| Business Name: | **ALG FUND, LLC** | Citizenship/State Inc: | **Foreign/DE** |
| Business ID: | **1087726** | Last Report Filed Year: | **2015** |
| Business Address: | **1011 HIGH RIDGE ROAD, SUITE 208, STAMFORD, CT, 06905** | Business Type: | **Foreign Limited Liability Company** |
| Mailing Address: | **1011 HIGH RIDGE ROAD, SUITE 208, STAMFORD, CT, 06905** | Business Status: | **Active** |
| Date Inc/Registration: | **Nov 01, 2012** | | |
| Commence Business Date: | **Oct 09, 2012** | | |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| ALG INVESTMENT MANAGEMENT, LLC  MANAGING MEMBER | 1011 HIGH RIDGE ROAD, SUITE 208, STAMFORD, CT, 06905 | NONE |

### Agent Summary

| | |
|---|---|
| Agent Name | **ROTHSCHILD - LIEBERMAN, LTD.** |
| Agent Business Address | **C/O ROTHSCHILD LIEBERMAN LTD., 280 RAILROAD AVE., 2ND FL., GREENWICH, CT, 06830** |
| Agent Residence Address | **NONE** |

### OTHER ADDRESSES:

| | |
|---|---|
| Address in the State of Formation: | **C/O ROTHSCHILD LIEBERMAN LTD., 280 RAILROAD AVE., 2ND FL., GREENWICH, CT, 06830** |

## EXHIBIT B

**Nourish SEC Form D**

> The Securities and Exchange Commission has not necessarily reviewed the information in this filing and has not determined if it is accurate and complete.
> The reader should not assume that the information is accurate and complete.

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549
## FORM D

## Notice of Exempt Offering of Securities

| OMB APPROVAL | |
| --- | --- |
| OMB Number: | 3235-0076 |
| Estimated average burden hours per response: | 4.00 |

### 1. Issuer's Identity

CIK (Filer ID Number)

**0001651359**

Previous Names    [X] None

Entity Type

[X] Corporation
[ ] Limited Partnership
[ ] Limited Liability Company
[ ] General Partnership
[ ] Business Trust
[ ] Other (Specify)

Name of Issuer

**Nourish Snacks, Inc.**

Jurisdiction of Incorporation/Organization

**DELAWARE**

Year of Incorporation/Organization

[ ] Over Five Years Ago
[X] Within Last Five Years (Specify Year) **2012**
[ ] Yet to Be Formed

### 2. Principal Place of Business and Contact Information

Name of Issuer

**Nourish Snacks, Inc.**

| Street Address 1 | Street Address 2 |
| --- | --- |
| **168A IRVING AVENUE, SUITE 402** | |

| City | State/Province/Country | ZIP/PostalCode | Phone Number of Issuer |
| --- | --- | --- | --- |
| **PORT CHESTER** | **NEW YORK** | **10573** | **877 466 8747** |

### 3. Related Persons

| Last Name | First Name | Middle Name |
| --- | --- | --- |
| **Mehta** | **Zubin** | |

| Street Address 1 | Street Address 2 | |
| --- | --- | --- |
| **168A IRVING AVENUE, SUITE 402** | | |

| City | State/Province/Country | ZIP/PostalCode |
| --- | --- | --- |
| **PORT CHESTER** | **NEW YORK** | **10573** |

Relationship: [X] Executive Officer  [X] Director  [ ] Promoter

Clarification of Response (if Necessary):

| Last Name | First Name | Middle Name |
|---|---|---|
| Bauer | Ian | |

| Street Address 1 | Street Address 2 |
|---|---|
| 168A IRVING AVENUE, SUITE 402 | |

| City | State/Province/Country | ZIP/PostalCode |
|---|---|---|
| PORT CHESTER | NEW YORK | 10573 |

Relationship: ☐ Executive Officer ☒ Director ☐ Promoter

Clarification of Response (if Necessary):

| Last Name | First Name | Middle Name |
|---|---|---|
| McCloskey | Gavin | |

| Street Address 1 | Street Address 2 |
|---|---|
| 168A IRVING AVENUE, SUITE 402 | |

| City | State/Province/Country | ZIP/PostalCode |
|---|---|---|
| PORT CHESTER | NEW YORK | 10573 |

Relationship: ☐ Executive Officer ☒ Director ☐ Promoter

Clarification of Response (if Necessary):

| Last Name | First Name | Middle Name |
|---|---|---|
| Grossman | Matthew | |

| Street Address 1 | Street Address 2 |
|---|---|
| 168A IRVING AVENUE, SUITE 402 | |

| City | State/Province/Country | ZIP/PostalCode |
|---|---|---|
| PORT CHESTER | NEW YORK | 10573 |

Relationship: ☒ Executive Officer ☒ Director ☐ Promoter

Clarification of Response (if Necessary):

## 4. Industry Group

☐ Agriculture

**Banking & Financial Services**

☐ Commercial Banking

☐ Insurance

☐ Investing

☐ Investment Banking

☐ Pooled Investment Fund

Is the issuer registered as an investment company under the Investment Company Act of 1940?

☐ Yes        ☐ No

☐

**Health Care**

☐ Biotechnology

☐ Health Insurance

☐ Hospitals & Physicians

☐ Pharmaceuticals

☐ Other Health Care

☐ Manufacturing

**Real Estate**

☐ Commercial

☐ Construction

☐ Retailing

☐ Restaurants

**Technology**

☐ Computers

☐ Telecommunications

☐ Other Technology

**Travel**

☐ Airlines & Airports

☐ Lodging & Conventions

☐ Tourism & Travel Services

☐ Other Banking & Financial Services     ☐ REITs & Finance     ☐ Other Travel

☐ Business Services            ☐ Residential              ☒ Other

Energy                           ☐ Other Real Estate

    ☐ Coal Mining

    ☐ Electric Utilities

    ☐ Energy Conservation

    ☐ Environmental Services

    ☐ Oil & Gas

    ☐ Other Energy

---

## 5. Issuer Size

| Revenue Range | OR | Aggregate Net Asset Value Range |
|---|---|---|
| ☐ No Revenues | | ☐ No Aggregate Net Asset Value |
| ☐ $1 - $1,000,000 | | ☐ $1 - $5,000,000 |
| ☐ $1,000,001 - $5,000,000 | | ☐ $5,000,001 - $25,000,000 |
| ☐ $5,000,001 - $25,000,000 | | ☐ $25,000,001 - $50,000,000 |
| ☐ $25,000,001 - $100,000,000 | | ☐ $50,000,001 - $100,000,000 |
| ☐ Over $100,000,000 | | ☐ Over $100,000,000 |
| ☒ Decline to Disclose | | ☐ Decline to Disclose |
| ☐ Not Applicable | | ☐ Not Applicable |

---

## 6. Federal Exemption(s) and Exclusion(s) Claimed (select all that apply)

☐ Rule 504(b)(1) (not (i), (ii) or (iii))      ☐ Investment Company Act Section 3(c)

☐ Rule 504 (b)(1)(i)                    ☐ Section 3(c)(1)      ☐ Section 3(c)(9)

☐ Rule 504 (b)(1)(ii)                  ☐ Section 3(c)(2)      ☐ Section 3(c)(10)

☐ Rule 504 (b)(1)(iii)                ☐ Section 3(c)(3)      ☐ Section 3(c)(11)

☐ Rule 505                            ☐ Section 3(c)(4)      ☐ Section 3(c)(12)

☒ Rule 506(b)                       ☐ Section 3(c)(5)      ☐ Section 3(c)(13)

☐ Rule 506(c)                       ☐ Section 3(c)(6)      ☐ Section 3(c)(14)

☐ Securities Act Section 4(a)(5)      ☐ Section 3(c)(7)

---

## 7. Type of Filing

☒ New Notice    Date of First Sale 2015-08-12    ☐ First Sale Yet to Occur

☐ Amendment

## 8. Duration of Offering

Does the Issuer intend this offering to last more than one year?  ☐ Yes ☒ No

## 9. Type(s) of Securities Offered (select all that apply)

☒ Equity

☐ Debt

☐ Option, Warrant or Other Right to Acquire Another Security

☐ Security to be Acquired Upon Exercise of Option, Warrant or Other Right to Acquire Security

☐ Pooled Investment Fund Interests

☐ Tenant-in-Common Securities

☐ Mineral Property Securities

☐ Other (describe)

## 10. Business Combination Transaction

Is this offering being made in connection with a business combination transaction, such as a merger, acquisition or exchange offer?   ☐ Yes ☒ No

Clarification of Response (if Necessary):

## 11. Minimum Investment

Minimum investment accepted from any outside investor $0 USD

## 12. Sales Compensation

Recipient                                              Recipient CRD Number ☒ None

(Associated) Broker or Dealer ☒ None        (Associated) Broker or Dealer CRD Number          ☒ None

Street Address 1                                       Street Address 2

City                                                   State/Province/Country                    ZIP/Postal Code

State(s) of Solicitation (select all that apply)
Check "All States" or check individual States      ☐ All States    ☐ Foreign/non-US

## 13. Offering and Sales Amounts

Total Offering Amount       $4,250,000 USD  or ☐ Indefinite

Total Amount Sold           $4,000,000 USD

Total Remaining to be Sold  $250,000 USD  or ☐ Indefinite

Clarification of Response (if Necessary):

## 14. Investors

☐ Select if securities in the offering have been or may be sold to persons who do not qualify as accredited investors, and enter the number of such non-accredited investors who already have invested in the offering.

Regardless of whether securities in the offering have been or may be sold to persons who do

not qualify as accredited investors, enter the total number of investors who already have invested in the offering:     | 9 |

---

### 15. Sales Commissions & Finder's Fees Expenses

Provide separately the amounts of sales commissions and finders fees expenses, if any. If the amount of an expenditure is not known, provide an estimate and check the box next to the amount.

Sales Commissions $0 USD ☐ Estimate

Finders' Fees $0 USD ☐ Estimate

Clarification of Response (if Necessary):

---

### 16. Use of Proceeds

Provide the amount of the gross proceeds of the offering that has been or is proposed to be used for payments to any of the persons required to be named as executive officers, directors or promoters in response to Item 3 above. If the amount is unknown, provide an estimate and check the box next to the amount.

$0 USD ☐ Estimate

Clarification of Response (if Necessary):

---

### Signature and Submission

**Please verify the information you have entered and review the Terms of Submission below before signing and clicking SUBMIT below to file this notice.**

**Terms of Submission**

In submitting this notice, each issuer named above is:

- Notifying the SEC and/or each State in which this notice is filed of the offering of securities described and undertaking to furnish them, upon written request, in the accordance with applicable law, the information furnished to offerees.*

- Irrevocably appointing each of the Secretary of the SEC and, the Securities Administrator or other legally designated officer of the State in which the issuer maintains its principal place of business and any State in which this notice is filed, as its agents for service of process, and agreeing that these persons may accept service on its behalf, of any notice, process or pleading, and further agreeing that such service may be made by registered or certified mail, in any Federal or state action, administrative proceeding, or arbitration brought against it in any place subject to the jurisdiction of the United States, if the action, proceeding or arbitration (a) arises out of any activity in connection with the offering of securities that is the subject of this notice, and (b) is founded, directly or indirectly, upon the provisions of: (i) the Securities Act of 1933, the Securities Exchange Act of 1934, the Trust Indenture Act of 1939, the Investment Company Act of 1940, or the Investment Advisers Act of 1940, or any rule or regulation under any of these statutes, or (ii) the laws of the State in which the issuer maintains its principal place of business or any State in which this notice is filed.

- Certifying that, if the issuer is claiming a Regulation D exemption for the offering, the issuer is not disqualified from relying on Regulation D for one of the reasons stated in Rule 505(b)(2)(iii) or Rule 506(d).

Each Issuer identified above has read this notice, knows the contents to be true, and has duly caused this notice to be signed on its behalf by the undersigned duly authorized person.

For signature, type in the signer's name or other letters or characters adopted or authorized as the signer's signature.

| Issuer | Signature | Name of Signer | Title | Date |
|--------|-----------|----------------|-------|------|

| Nourish Snacks, Inc. | Zubin Mehta | Zubin Mehta | Chief Executive Officer | 2015-08-21 |

*Persons who respond to the collection of information contained in this form are not required to respond unless the form displays a currently valid OMB number.*

---

\* This undertaking does not affect any limits Section 102(a) of the National Securities Markets Improvement Act of 1996 ("NSMIA") [Pub. L. No. 104-290, 110 Stat. 3416 (Oct. 11, 1996)] imposes on the ability of States to require information. As a result, if the securities that are the subject of this Form D are "covered securities" for purposes of NSMIA, whether in all instances or due to the nature of the offering that is the subject of this Form D, States cannot routinely require offering materials under this undertaking or otherwise and can require offering materials only to the extent NSMIA permits them to do so under NSMIA's preservation of their anti-fraud authority.

---