DELBELLO DONNELLAN WEINGARTEN
WISE & WIEDERKEHR, LLP
*Proposed Attorneys for the Debtor*
One North Lexington Avenue
White Plains, New York 10601
(914) 681-0200
Jonathan S. Pasternak, Esq.
Dawn Kirby, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                              Chapter 11

FINGER LAKES CAPITAL PARTNERS, LLC      Case No. 16-22112 (RDD)

              Debtor.
-----------------------------------------------------------X

**SUPPLEMENTAL AFFIDAVIT OF STUART KAGEN IN SUPPORT OF
APPLICATION AUTHORIZING EMPLOYMENT AND RETENTION
OF KAGEN & CASPERSEN AS SPECIAL LITIGATION AND
APPELLATE COUNSEL NUNC PRO TUNC TO THE PETITION DATE**

STATE OF NEW YORK          )
                                        ) ss:
COUNTY OF NEW YORK       )

      Stuart Kagen, an attorney duly admitted to practice law in the Courts of the State of New York, states the following to be true under the penalties of perjury:

      1.      I am a member of Kagen & Caspersen ("K&C"), which maintains an office at 900 Third Avenue, 17th Floor, New York, New York, 10022.  I submit this supplemental affidavit in further support of the application ("Application") of the debtor (the "Debtor") for the entry of an order authorizing the retention of K&C as Special Litigation and Appellate Counsel to the Debtor.

      2.      At a hearing on April 8, 2016, this Court granted the Debtor's motion to retain K&C as special litigation and appellate counsel concerning *Finger Lakes Capital Partners, LLC*

*v. Honeoye Lake Acquisition LLC and Lyrical Opportunity Partners, L.P.*, Delaware Chancery Court C.A. No. 9742-VCL and the appeal pending in the Delaware Supreme Court, No. 42,2016.

3. At the conclusion of the hearing, this Court directed Debtor's counsel to confer on an agreed form of order with the U.S. Trustee's office and counsel for Lyrical Opportunity Partners L.P. ("Lyrical") and Jeffrey Keswin ("Keswin").

4. As requested by the U.S. Trustee's office, I submitted a supplemental affidavit making *Pillowtex* disclosures, consisting of payments received by K&C within the 90 days before the Petition Date.

5. I do not believe any additional disclosures are necessary pursuant to Bankruptcy Code §329 because as prepetition *litigation and appellate* counsel to the Debtor, I never rendered services "in contemplation of or in connection with" this chapter 11 case.

6. Notwithstanding, in order to expedite entry of an order approving K&C's retention, I hereby disclose that in the one year prior to the Petition Date K&C received the following compensation from the Debtor or on behalf of the Debtor:

   a. $29,835.00 on March 6, 2015 from the Debtor

   b. $26,518.09 on April 15, 2015 from the Debtor

   c. $175,000.00 on May 29, 2015 from the Debtor

   d. $235,000.00 on July 16, 2015 from the Barry D. Shalov TTEE / Shalov Marital Trust

   e. $59,311.22 on October 26, 2015 from the Debtor

   f. $25,000.00 on January 20, 2016 from the Debtor

*/s/ Stuart Kagen*

_____
Stuart Kagen

Sworn to before me this
12th day of May, 2016

*/s/ Glessie M. Agrinzoni*
_____
Notary Public